# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ELIZABETH HUIPE RAMOS,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MARY DE ANDA YBARRA, FIELD** | § | |
| **OFFICER DIRECTOR, U.S.** | § | |
| **IMMIGRATION AND CUSTOMS** | § | **No. 3:25-CV-00503-LS** |
| **ENFORCEMENT; TODD M. LYONS,** | § | |
| **ACTING DIRECTOR, U.S.** | § | |
| **IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT; KRISTI NOEM,** | § | |
| **SECRETARY OF UNITED STATES** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY; PAM BONDI,** | § | |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES; AND WARDEN, EL** | § | |
| **PASO SERVICE PROCESSING** | § | |
| **CENTER,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING MOTION TO DISMISS

Petitioner moves to voluntarily dismiss her petition for a writ of habeas corpus under Federal Rule of Civil Procedure 41(a)(2).[1] A court considering a Rule 41(a)(2) motion must "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion."[2]

Petitioner has not explained why she seeks to dismiss her habeas petition. Without an explanation, the Court cannot analyze whether Respondents will suffer legal prejudice or whether

---

[1] ECF No. 15.
[2] *Elbaor v. Tripath Imaging, Inc.*, 279 F,3d 314, 317 (5th Cir. 2002).

Petitioner is abusing Rule 41(a)(2). Therefore, the Court **DENIES** Petitioner's motion to voluntarily dismiss [ECF No. 15].

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on March 17, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

2